## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SLOAN<br>533 Rising Sun Avenue<br>Philadelphia, PA 19120 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff, | : No.: |
| v. | : **JURY TRIAL DEMANDED** |
| PHILADELPHIA WATER DEPARTMENT<br>ARAMark Tower - 5th Floor<br>1101 Market Street<br>Philadelphia, PA 19107<br>and<br>HOWARD NEUKRUG<br>c/o Philadelphia Water Department<br>ARAMark Tower - 5th Floor<br>1101 Market Street<br>Philadelphia, PA 19107<br>and<br>MATT MOSES<br>c/o Philadelphia Water Department<br>ARAMark Tower - 5th Floor<br>1101 Market Street<br>Philadelphia, PA 19107<br>and<br>GREG SHAFER<br>c/o Philadelphia Water Department<br>ARAMark Tower - 5th Floor<br>1101 Market Street<br>Philadelphia, PA 19107<br>and<br>FRAN MIERS<br>c/o Philadelphia Water Department<br>ARAMark Tower - 5th Floor<br>1101 Market Street<br>Philadelphia, PA 19107<br>and | |

DREW FELDER  :
c/o Philadelphia Water Department  :
ARAMark Tower - 5th Floor  :
1101 Market Street  :
Philadelphia, PA 19107  :
:
        Defendants.  :
:

## CIVIL ACTION COMPLAINT

Plaintiff, Christopher Sloan (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff initiates the instant action to redress violations by Defendants of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§2601 *et. seq.*). Plaintiff was unlawfully terminated by Defendants, and he suffered damages more fully described/sought herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.    Parties

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult individual, with an address as set forth in the caption.

7.     Defendant Philadelphia Water Department (hereinafter "Defendant Department") is a component of the City of Philadelphia that provides water services to individuals throughout the city of Philadelphia and the greater Philadelphia Region.  Additionally, Defendant Department is known as a collection of assets, real and personal, owned and operated by the City of Philadelphia, with an address as set forth in the caption.

8.     Defendant Howard Neukrug (hereinafter "Defendant Neukrug") is upon information and belief the commissioner and/or a high-level manager of Defendant Department who controls and manages the terms and conditions of employment for employees who work for Defendant Department including but not limited to their termination.

9.     Defendant Matt Moses (hereinafter "Defendant Moses") is upon information and belief a manager of Defendant Department who controls and manages the terms and conditions of employment for employees who work for Defendant Department including but not limited to their termination.

10. Defendant Greg Shafer (hereinafter "Defendant Shafer") is upon information and belief a crew chief and/or a manager of Defendant Department who controls and manages the terms and conditions of employment for employees who work for Defendant Department including but not limited to their termination.

11. Defendant Drew Felder (hereinafter "Defendant Felder") is upon information and belief a manager of Defendant Department who controls and manages the terms and conditions of employment for employees who work for Defendant Department including but not limited to their termination.

12. Defendant Fran Miers (hereinafter "Defendant Miers") is upon information and belief a manager of Defendant Department who controls and manages the terms and conditions of employment for employees who work for Defendant Department including but not limited to their termination.

13. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. Factual Background

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff is a 47-year-old male.

16. Plaintiff initially worked for Defendant Department in the 1990s.

17. Following a long dispute about being improperly being placed out of work in the 1990s and early 2000 timeframe, Plaintiff was ultimately reinstated to work in the timeframe of 2007.

18. Following Plaintiff's aforesaid reinstatement, Plaintiff was rehired by Defendant Department and placed in different position in or about 2007 than he had previously held.

19. From in or about 2007 until Plaintiff's termination, Plaintiff was employed by Defendant Department as a semi-skilled laborer.

20. During Plaintiff's employment with Defendant Department, he suffered from various health problems including but not limited to high blood pressure and diabetes.

21. As a result of Plaintiff's aforementioned health issues, Plaintiff suffered low blood sugar and may have appeared fatigued on occasion.

22. Defendant Department's management, including but not limited to Defendants Moses and Shafer, were aware that Plaintiff was suffering from health issues.

23. Plaintiff notified Defendant Department's management that he had health problems.

24. Defendant Department's management, including but not limited to Defendants Moses and Shafer, were aware that Plaintiff would need periodic days off from work because of his health issues.

25. Plaintiff requested FMLA leave from Defendant Department and was approved for intermittent leave because of his health issues.

26. During Plaintiff's employment with Defendant Department, Plaintiff was supervised by Defendants Moses and Shafer.

27. During Plaintiff's employment with Defendant Department, Defendant Neukrug was the commissioner of Defendant Department.

28. Plaintiff was consistently harassed and treated in a discriminatory manner by Defendants because of his requests for FMLA-qualifying medical leave, including but not limited to being given unfavorable and/or difficult work assignments and aggressive monitoring (when other non-FMLA employees were not).

29. During his employment with Defendants, Defendants accused Plaintiff of sleeping on the job in retaliation for his requests for FMLA leave.

30. Plaintiff's management also made derogatory comments about him needing FMLA leave including that he abused the leave and questioned the validity of his health conditions when Plaintiff attempted to take FMLA-qualifying time off from work.

31. In or about February of 2011, Plaintiff was selectively disciplined by Defendants and suspended for several days in retaliation for his FMLA leave requests.

32. In a letter dated on or about August 26, 2011, Defendant Neukrug terminated Plaintiff from his employment with Defendants.

33. Defendant Felder and Defendant Miers participated in the decision to terminate Plaintiff.

**Count I**
**Violation of the Family and Medical Leave ACT ("FMLA")**
**(Interference & Retaliation)**
**- Against All Defendants -**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(a)(i)(ii).

36. Plaintiff requested leave from Defendants, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

37. Plaintiff had at least 1,250 hours of service with the Defendants during his last full year of employment.

38. Defendant Department is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

39. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

40. Defendants were required to enter into an interactive process with Plaintiff and to inform him of his rights under the FMLA regarding his need to miss periodic time from work and for him to work a reduced schedule, as specifically permitted by the FMLA.

41. Defendants unlawfully interfered with Plaintiff's rights under the FMLA and retaliated against him by: (1) terminating him for taking FMLA-qualifying absences and leave; (2) counting FMLA time off from work against him for the purposes of discipline and termination; and (3) by terminating Plaintiff to prevent him from further exercising his rights under the FMLA and because he exercised his rights during the last several months of his employment with Defendants.

42. Defendant Individuals to this lawsuit are personally liable because they aided and abetted the interference and personally participated in the retaliation against Plaintiff as described herein.

43. These actions as aforesaid constitute both interference and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF & KARPF, P.C.

By: _____
Ari Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 7, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Christopher Sloan : CIVIL ACTION
v. :
Philadelphia Water Department, et. al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

11/7/2011        Avi R. Kaypf        Plaintiff
**Date**          **Attorney-at-law**    **Attorney for**
215.639.0801    215.639.4970        akaypf@kaypf-law.com
**Telephone**      **FAX Number**       **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 533 Rising Sun Avenue, Philadelphia PA 19120

Address of Defendant: 1101 Market Street, Aramark Tower-5th Floor, Phila PA 19107

Place of Accident, Incident or Transaction: Defendants place of business

*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/7/2011     Attorney-at-Law: ARK2404     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/7/2011     Attorney-at-Law: ARK2404     Attorney I.D.# 91538

CIV. 609 (6/08)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SLOAN, CHRISTOPHER

## DEFENDANTS
PHILADELPHIA WATER DEPARTMENT, et al.

(b) County of Residence of First Listed Plaintiff: **Philadelphia**

County of Residence of First Listed Defendant: **Philadelphia**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf & Karpf, P.C., Two Greenwood Square, 3331 Street Road, Suite 128, Bensalem PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | | | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family and Medical Leave Act "FMLA" (29USC2601)

Brief description of cause:
Violations of the FMLA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE                              DOCKET NUMBER

Explanation:

DATE: 11/7/2011

SIGNATURE OF ATTORNEY OF RECORD